IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NAKISHA JACKSON,<br>    Plaintiff,<br>vs.<br><br>CHRISTOPHER WRAY, et al.,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§ | <br><br>Civil Action No.  3:23-CV-0558-M-BH<br><br><br>Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Based on the relevant filings and applicable law, the plaintiff's *Motion to Strike*, filed May 23, 2023 (doc. 22), is **DENIED**.  The plaintiff's alternate motion for an extension of time to file her responses to the motions to dismiss is **GRANTED**.

On March 14, 2023, the plaintiff filed this action against the director of the Federal Bureau of Investigation, unknown federal agents, Apple Inc., and Charter Communications.  (*See* doc. 3.)  The non-federal defendants have moved to dismiss her claims against them.  (*See* docs. 9, 13.)  Citing Fed. R. Civ. P. 12(f), the plaintiff seeks to strike the defendants' motions to dismiss on grounds that they are fraudulent.  (*See* doc. 22.)  She contends that "[t]he counsel for the opposing party attempted to stop the U.S. from defaulting, as all parties must default, to minimize any charges that arose from the kidnapping and suspected killing of me and stick to the crimes they already confessed to that warranted me to file a civil suit for damages in the first place." (*See id.* at 4.)

Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).  Rule 7(a) defines the "pleadings" allowed as "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." FED.

---

[1] By *Special Order 3-251*, this *pro se* case has been automatically referred for full case management.

R. CIV. P. 7(a). Rule 12(f) only applies to these listed pleadings. *See NexBank, SSB v. Bank Midwest, N.A.*, 3:12-CV-1882-D, 2012 WL 4321750, at *2 (N.D. Tex. Sept. 21, 2012) (citing *Groden v. Allen*, 3:03-CV-1685-D, 2009 WL 1437834, at *3 (N.D.Tex. May 22, 2009) (Fitzwater, C.J.) (holding that Rule 12(f) "does not permit the Court to strike motions or matters within them because the rule applies only to pleadings."); *see also Shah v. Chertoff,* 3:05-CV-1608-BH, 2007 WL 2948362, at *5 (N.D.Tex. Oct.10, 2007) (Ramirez, J.)). Because the motions to dismiss which the plaintiff seeks to strike are not pleadings, Rule 12(f) does not apply.

Even if the motions are considered pleadings, a "motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Augustus v. Bd. of Pub. Instruction,* 306 F.2d 862, 868 (5th Cir.1962) (citations omitted). "Both because striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." *FDIC v. Niblo,* 821 F.Supp. 441, 449 (N.D. Tex.1993). "'Scandalous'" in Rule 12(f) 'generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.'" *Florance v. Buchmeyer,* 500 F.Supp.2d 618, 645 (N.D.Tex.2007) (quoting *Cobell v. Norton,* 224 F.R.D. 266, 280 (D.D.C. 2004)), *rec. adopted,* 500 F.Supp.2d at 624 (N.D.Tex.2007) (Lynn, J.).

Here, the plaintiff disagrees with the bases of the defendants' motions, contending that she has evidence from a criminal investigation. Disagreement is insufficient to meet the Rule 12(f) standard. *See U.S. v. Coney*, 689 F.3d 365, 379-89 (5th Cir. 2012) (holding that filings that "offend[ed] the sensibilities" of a party were not scandalous because they were directly relevant to the controversy at issue and minimally supported in the record) (citing *In re Gitto Global Corp.,* 422 F.3d 1, 12 (1st Cir.2005)). Because the plaintiff has not demonstrated that the motions to dismiss contain "any

redundant, immaterial, impertinent, or scandalous matter", her motion to strike them is **DENIED**.

The plaintiff's motion states that if the court insists that she respond to the motions to dismiss, she requests an unspecified extension of time to file her responses.  Her alternate motion for an extension of time to the motions to dismiss is granted, and her deadline to respond to both motions is extended **until June 16, 2023**.

**SO ORDERED** on this 24th day of May, 2023.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE