IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NAKISHA JACKSON,           ) | |
|     Plaintiff,           ) | |
| vs.           ) | No.  3:23-CV-0558-M-BH |
|                ) | |
| CHRISTOPHER WRAY, et al.,           ) | |
|     Defendants.           ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the claims against all the federal defendants should be **DISMISSED** without prejudice *sua sponte* for failure to comply with Fed. R. Civ. P. 4(m) by serving them within 90 days.

### I.  BACKGROUND

On March 14, 2023, the *pro se* plaintiff filed a complaint against the defendants and paid the filing fee.  (*See* doc. 3.)  On March 24, 2023, the Court issued an order for service of process, which stated:

> Because she paid the fee, the plaintiff is now responsible for serving each defendant with a summons and a copy of the complaint in this case as provided by Rule 4(c) of the Federal Rules of Civil Procedure.  If a defendant is not served within 90 days after the filing of the complaint, the action is subject to dismissal against that defendant without prejudice.  *See* Fed. R. Civ. P. 4(m).  In addition, Fed. R. Civ. P. 4(l)(1) requires the plaintiff to file proof of service with the Court unless service is waived.  This proof must consist of "the server's affidavit" if service was not accomplished by the United States Marshal or a deputy marshal.  *Id.*  If the plaintiff does not file a valid return of service or otherwise show that a defendant was properly served, this action may be dismissed against that defendant.

(*See* doc. 7.)  The order also directed the clerk to mail the plaintiff summons forms and a copy of Rule 4.  The docket reflects that the documents were served with the order.

On May 22, 2023, the plaintiff filed a proof of service stating that she had served the federal

---

[1] By *Special Order 3-251*, this *pro se* case has been automatically referred for full case management.

defendants. (*See* doc. 19 at 6-13.) By order dated June 20, 2023, she was expressly notified that her attempted service was not valid under Rule 4(i) of the Federal Rules of Civil Procedure for the reasons explained in the government's *Notice Regarding Lack of Service of Process*, filed June 16, 2023 (doc. 27). (*See* doc. 28.) She was also notified that this action was subject to dismissal as to the federal defendants under Rule 4(m) for failure to file a valid return of service or otherwise show that they had been served within 90 days of the filing of the complaint. (*See id.*) The plaintiff was ordered to file a valid return of service or show good cause in writing why service could not be made on the federal defendants no later than July 5, 2023. (*See id.*) The order expressly stated that if the plaintiff failed to comply with the order, dismissal of the case would be recommended without further notice. (*See id.*) As of this date, the plaintiff has not filed a valid return of service for any federal defendant or shown cause in writing for her failure to properly serve them. Nor has she filed anything else.

## II.  RULE 4(m)

Because she paid the filing fee, the plaintiff was responsible for serving the defendants with a summons and a copy of the complaint as provided by Rule 4(c) of the Federal Rules of Civil Procedure. She was required to make proper service within 90 days of filing the complaint. *See* Fed. R. Civ. P. 4(m). She was also required to file proof of service, unless service was waived. *See* Fed. R. Civ. P. 4(l)(1). Proof consists of "the server's affidavit" when service is not effected by a United States marshal or deputy marshal. *Id.*

When proper service is not made within 90 days of filing a complaint, an action is subject to *sua sponte* dismissal without prejudice. Fed. R. Civ. P. 4(m). Dismissal is not proper "if the plaintiff shows good cause for the failure" to properly accomplish service, however. *Id.* In the Fifth

Circuit, courts must allow additional time for service if a plaintiff can establish good cause. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325–26 (5th Cir. 2008) (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)). "[T]o establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)). Courts also typically require "some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified." *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995). The plaintiff bears the burden to show good cause. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

Even if the plaintiff fails to show good cause, a court has the discretionary power to extend the time for service instead of dismissing the case without prejudice. *Millan*, 546 F.3d at 325 (citing *Thompson*, 91 F.3d at 21). Exercise of this discretionary power "may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Millan*, 546 F.3d at 325 (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993)).

Here, far more than 90 days have passed since the plaintiff filed this action, but she has not accomplished service on any of the federal defendants despite being placed on notice of the defect in service and an order to file a valid return of service or show cause in writing as to why service could not be made on them. She failed to file a valid return of service as to any of the federal defendants and she has not filed or anything else, so she has not met her burden to show cause for her failure to properly serve them. She has not shown anything that supports the exercise of

3

discretion to provide more time to accomplish service. Accordingly, no extension of time is required, and dismissal of the action against all the federal defendants is warranted. *See Caceres-Mejia v. Watson*, 718 F. App'x 307, 308–09 (5th Cir. 2018) (per curiam) (finding that the district court did not abuse its discretion in dismissing an action without prejudice for lack of timely service where the plaintiff did not follow state law for service of summons or file the requisite proof to establish that the defendant acknowledged service of process).

### III.  RECOMMENDATION

The claims against all the federal defendants should be **DISMISSED** without prejudice *sua sponte* for failure to comply with Fed. R. Civ. P. 4(m) by serving them within 90 days, and judgment should be entered unless the plaintiff files a valid proof of service for those defendants within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SO RECOMMENDED on this 11th day of September, 2023.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE