IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NAKISHA JACKSON, | § | |
| Plaintiff, | § | |
| vs. | § | No. 3:23-CV-0558-M-BH |
| | § | |
| CHRISTOPHER WRAY, et al., | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court for recommendation are *Defendant Charter Communications, Inc.'s Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)*, filed May 9, 2023 (doc. 9), and *Defendant Apple Inc.'s Motion to Dismiss*, filed May 12, 2023 (doc. 13). Based on the relevant filings and applicable law, the motions should be **GRANTED.**

### I. BACKGROUND

NaKisha Jackson (Plaintiff) sues Apple, Inc. and Charter Communications, Inc. (Defendants), as well as the Director of the Federal Bureau of Investigation (Director) and several unknown federal agents (Agents) for violation of her constitutional rights by their alleged involvement in a scheme, orchestrated by Director, to stalk and spy on her and to access her various electronic devices and associated accounts without her permission. (*See generally* doc. 3.)

Plaintiff's form complaint, filed on March 14, 2023, alleges that beginning sometime before February 7, 2023, Director "[d]enied First amendment-right to free speech and government redress of grievances[,]" violated the Fourth Amendment by "illegally order[ing] Plaintiff's] phone cloned, tapped and [her] global entry card confiscated[,]" and violated the Fourteenth Amendment by "order[ing] illegal stalking with no probable cause or jurisdiction internationally or domestically."

---

[1] By *Special Order 3-251*, this *pro se* case has been automatically referred for full case management.

(doc. 3 at 4.) Director, "[p]retending to have federal authority, … enlisted the assistance of Apple to clone [her] phone and hack/clone/breach passwords of [her] phone and the phones of [her] contacts." (*Id.*) One of Defendants rerouted her cable and internet services to addresses that she did not authorize to receive such services. (*Id.*) Defendants altered messages that she sent, blocked and recorded phone calls and faxes that she transmitted, and sent sensitive information to various individuals to allow them to stalk her. (*Id.*)

Plaintiff claims that she notified Defendants that Director and Agents were acting outside of their legal authority by enlisting Defendants in their scheme to spy on her, and that Director and Agents "were now rogue in their government roles." (*Id.*) At some point, "illegal computers" were connected to her Apple user account without her authorization, and she has reported these illegal computers to the Department of Justice. (*Id.*) As a result, on February 7, 2023, Plaintiff changed her Apple account password and deleted all unknown devices from her account. (*Id.*) On March 7, 2023, she discovered that the cloned version of her phone had been added to her Apple account. (*Id.*) She knew this device was added without her permission because it did not receive the verification codes that are sent to users' devices to allow users to log in and make changes to their account; her phone, which she added to her Apple account herself, did receive these verification codes. (*Id.*) In an attempt to safeguard her account information, Plaintiff changed the name and date of birth listed on her account, but she did not change the email address associated with it. (*Id.*) Similar issues have allegedly occurred at least twice before. (*Id.*)

Plaintiff seeks a damages of thirty billion dollars. (*Id.* at 5.)[2]

---

[2] On September 11, 2023, it was recommended that Plaintiff's claims against Director and Agents be dismissed without prejudice for failure to serve them in compliance with Fed. R. Civ. P. 4(m). (doc. 29.) On September 25, 2023, that recommendation was adopted, and Plaintiff's claims against the government defendants were dismissed. (doc. 30.)

## II. MOTION TO DISMISS

Defendants move to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (doc. 10 at 1; doc. 14 at 1.)[3]

**A.    Legal Standard**

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196.

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the

---

[3] The arguments made in the two motions are similar, and the grounds on which dismissal is recommended are raised by both Defendants in their respective motions. (*Compare* doc. 10 *with* doc. 14.)

speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court
>
> to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

**B.    *Bivens***

Plaintiff sues Defendants for allegedly aiding Director and Agents in violating her First, Fourth, and Fourteenth Amendment rights. (doc. 3 at 4.) Her claims arise under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for monetary damages in federal court. *Id.* at 394.

The Supreme Court has reiterated that "*Bivens* was the product of an '*ancien regime*' that freely implied rights of action." *Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020) (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017)). *Bivens* claims are now generally relegated to the only three circumstances in which the Supreme Court allowed a private right of action against federal officers for constitutional violations: (1) "manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment," *see Bivens*, 403 U.S. at 389-90; (2)

"discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment," *see Davis v. Passman*, 442 U.S. 228 (1979); and (3) "failure to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment," *see Carlson v. Green*, 446 U.S. 14 (1980). *Oliva*, 973 F.3d at 442; *see also Butler v. S. Porter*, 999 F.3d 287, 293 (5th Cir. 2021) (finding that a First Amendment retaliation claim arose in a new context and emphasizing that "in recent decades, the Supreme Court has 'consistently refused to extend *Bivens* to *any* new context'") (emphasis in original) (citation omitted) (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001))).

To decide whether *Bivens* allows a cause of action, courts must consider: (1) whether a case involves a "new context" that is distinct from these cases, and (2) whether any "special factors" preclude extending *Bivens* to this "new context." *Maria S. as Next Friend for E.H.F. v. Garza*, 912 F.3d 778, 784 (5th Cir. 2019) (citation omitted). The Supreme Court has recently emphasized that its "understanding of a 'new context' is broad." *Hernandez v. Mesa*, 589 U.S. —, 140 S. Ct. 735, 743, 206 L.Ed.2d 29 (2020). Virtually anything other than the circumstances presented in *Bivens*, *Davis*, or *Carlson* is a "new context" precluding the existence of a *Bivens* remedy if special factors counsel against extension. *Oliva*, 973 F.3d at 442 (citing *Abbasi*, 582 U.S. at 149). The Supreme Court has also made clear that extending *Bivens* to new contexts is now a "'disfavored' judicial activity." *Abbasi*, 582 U.S. at 135 (citation omitted).

### 1.    *Conspiracy*

Plaintiff generally contends that "[Director] enlisted [Defendants] to clone [her] phone and hack/clone/breach passwords of [her] phone" and otherwise ordered them to engage in the conduct that violated her constitutional rights. (doc. 3 at 4.) Her allegations may be liberally construed as a

5

claim that Defendants conspired with federal actors to violate her constitutional rights.

As discussed, the Supreme Court has cautioned against expanding *Bivens* to new contexts beyond the three circumstances in which it has previously recognized a private right of action for the violation of constitutional rights by federal officials. *Abbasi*, 582 U.S. at 149. After *Abbasi*, a number of courts have concluded that a conspiracy claim presents a new context to which *Bivens* does not apply. *See, e.g.*, *Brunson v. Nichols*, No. 1:14-CV-2467, 2018 WL 7286410, at *4 (W.D. La. Dec. 7, 2018), *adopted by* 2019 WL 545479 (W.D. La. Feb. 11, 2019); *Robinson v. Sauls*, 521 F.Supp.3d 1282, 1301 (N.D. Ga. 2021); *Hari v. Smith*, No. 20-CV-1455 (ECT/TNL), 2022 WL 1122940, at *17 (D. Minn. Jan. 31, 2022), *adopted by* 2022 WL 612100 (D. Minn. Mar. 2, 2022); *Alegre v. United States*, No. 3:16-CV-2442-AJB-KSC, 2019 WL 3322382, at *5 (S.D. Cal. July 24, 2019); *Fulks v. Watson*, No. 2:19-CV-0501-JPH-MJD, 2021 WL 1225922, at *5 (S.D. Ind. Mar. 31, 2021); *Cargill v. United States*, No. 2:21-CV-1186-KOB-GMB, 2022 WL 17171940, at *3 (N.D. Ala. Oct. 21, 2022), *adopted by* 2022 WL 17169616 (N.D. Ala. Nov. 21, 2022). Other courts have affirmed pre-*Abbasi* jurisprudence recognizing a conspiracy claim arising under *Bivens*. *See, e.g.*, *Jacobs v. Alam*, 2018 WL 488954, at *3 (E.D. Mich. Jan. 19, 2018), *aff'd by* 915 F.3d 1028, 1039 (6th Cir. 2019) (endorsing continued recognition of a conspiracy claim under *Bivens* in the search and seizure context based on the Supreme Court's cautioning "against *expanding* the reach of *Bivens*, not calling into question its existing scope" (emphasis in original)).

This issue need not be resolved in this case, however, because even assuming *arguendo* that conspiracy is a cognizable claim under *Bivens*, Plaintiff has failed to state a plausible conspiracy claim. *See id.*; *Robinson*, 521 F.Supp.3d at 1301; *Skinner v. Lee*, No. 5:19-01116 DMG (ADS), 2021 WL 6617390, at *7 (C.D. Cal. May 20, 2021). To state a claim for conspiracy under *Bivens*, a

plaintiff "must establish the existence of a conspiracy" as well as a violation of a constitutional right in furtherance of the conspiracy. *Thompson v. Johnson*, 348 F. App'x 919, 922 (5th Cir. 2009) (citing *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995)). "To establish a cause of action based on conspiracy a plaintiff must show that the defendants agreed to commit an illegal act." *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982).

Here, beyond her conclusory statements, Plaintiff does not allege any facts to show the existence of a conspiracy among any of the defendants. *See Thompson*, 348 F. App'x at 922; *Cardenas v. Young*, 655 F. App'x 183, 186-87 (5th Cir. 2016) (per curiam) (citing *McAfee v. 5th Cir. Judges*, 884 F.2d 221, 222 (5th Cir. 1989) (noting that the plaintiff did not allege that the defendants expressly made an agreement to violate his constitutional rights, and finding conclusory allegations insufficient to state a viable conspiracy claim under *Bivens*)); *Richie v. Wharton Cnty. Sheriff Dep't Star Team*, 513 F. App'x 382, 385 (5th Cir. 2013) (per curiam) (citing *Rodriguez v. Neeley*, 169 F.3d 220, 222 (5th Cir. 1999) (noting the failure to allege facts suggesting an agreement to commit illegal acts)). Because Plaintiff has failed to sufficiently plead facts to support a *Bivens* conspiracy claim, it should be dismissed.[4]

## 2.    Private Entities

Plaintiff's complaint may also be liberally construed as asserting a *Bivens* claim against the Defendants directly. (doc. 3 at 4.)

The Supreme Court has held that the scope of *Bivens* cannot be augmented to include claims brought against private entities acting under color of federal law. *Malesko*, 534 U.S. at 71. In

---

[4] To the extent Plaintiff's conspiracy claim may be construed as arising under 42 U.S.C. § 1985(3), it fails as a result of the same pleading deficiencies that render her conspiracy claim under *Bivens* unsuccessful. *See Etemad v. Underwood Perkins L. Off.*, No. 3:14-CV-0669-B, 2014 WL 1724745, at *1-2 (N.D. Tex. May 1, 2014).

*Malesko*, it noted that it has "consistently refused to extend *Bivens* liability to any new context or new category of defendants." *Id.* at 68. Additionally, "[t]he purpose of *Bivens* is to deter *individual federal officers* from committing constitutional violations." *Id.* at 70 (emphasis added). "[I]nferring a constitutional tort remedy against a private entity … is therefore foreclosed." *Id.* at 71. In other words, "there is no implied private right of action, pursuant to *Bivens*, for damages against private entities … that engage in alleged constitutional deprivations while acting under color of federal law." *Marsaw v. Thompson*, 133 F. App'x 946, 948 (5th Cir. 2005) (citing *Malesko*, 534 U.S. at 71).

Here, Defendants are both private corporations. (*See* doc. 3 at 4.) Even if Plaintiff adequately alleged the other elements of a *Bivens* claim, the Supreme Court has held that no *Bivens* action may be brought against private corporations. *See Malesko*, 534 U.S. at 71. *Bivens* does not apply, and any direct *Bivens* claims against Defendants should be dismissed.

## C.    <u>Alternative Theories of Recovery</u>

Defendants also move to dismiss Plaintiff's complaint on the ground that she has failed to allege any facts that would support any other claim for relief outside of her *Bivens* claims. (doc. 10 at 8; doc. 14 at 5.)

A *pro se* plaintiff's pleadings must be liberally construed, and ambiguity must be viewed in the *pro se* plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[e]ven a liberally construed pro se civil rights complaint … must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). Courts are not, however, "at liberty to create a cause of action where there is none." *Cledera v. United States*, 834 F. App'x 969, 972 (5th Cir. 2021) (per curiam) (citing *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980)).

Here, Plaintiff's complaint does not expressly allege any cause of action, aside from her

*Bivens* claims, against Defendants. Only a handful of factual allegations contained in the complaint pertain to them. (*See* doc. 3 at 4.) The bulk of Plaintiff's allegations are bare legal conclusions with no factual content to support them. (*Id.*) Moreover, Plaintiff's claims against Defendants based on an alleged conspiracy with Director and Agents to physically stalk her and access her devices and digital accounts without authorization are "fanciful, fantastic, or delusional." *Starrett v. Lockeed Martin Corp.*, No. 3:17-CV-0988-D-BT, 2018 WL 1399177, at *3 (N.D. Tex. Mar. 9, 2018), *adopted by* 2018 WL 1383398 (N.D. Tex. Mar. 19, 2018); *see Neitzke v. Williams*, 490 U.S. 319, 325, 327-28 (1989) (a claim is frivolous if it lacks either an arguable basis in law because it is "based on an indisputably meritless legal theory" or an arguable basis in fact because it describes "fantastic or delusional scenarios"); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (a claim is "factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional"). Plaintiff has not presented sufficient factual content to state a plausible claim for relief on any basis other than *Bivens.*

### III. OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend her complaint in response to a recommended dismissal. *See Swanson*

*v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1. Additionally, a court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). Likewise, an opportunity to replead is "unnecessary where the facts alleged are 'fantastic or delusional scenarios' or where the legal theory upon which a complaint relies is 'indisputably meritless.'" *Gregory v. McKennon*, 430 F. App'x 306, at *1 (5th Cir. 2011) (quoting *Eason v. Thaler*, 14 F.3d 8, 9 n.5 (5th Cir. 1994)).

Here, Plaintiff has alleged no facts to support a conspiracy claim or a plausible claim for relief based on any other cause of action. Plaintiff's direct *Bivens* claim against Defendants is "indisputably meritless" because they are private entities to which *Bivens* does not apply. *Gregory*, 430 F. App'x, at *1. Moreover, the facts that Plaintiff does provide are clearly fantastical and fanciful and do not support any reasonable inference that Defendants violated the law. Plaintiff appears to have alleged her best case against them, and no further opportunity to amend her claims against them is warranted.

## IV. RECOMMENDATION

Defendants' motions to dismiss should be **GRANTED** and Plaintiff's claims against them should be **DISMISSED with prejudice.**

**SO RECOMMENDED** on this 27th day of September, 2023.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

11